# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br>MICHAEL CAREY (1),<br><br>                    Defendant. | CASE NO. 11cr671 WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the motion for bail pending sentencing (ECF No. 190) filed by Defendant Michael Carey.

## BACKGROUND FACTS

      On February 23, 2011, an Indictment was filed charging the Defendant Michael Carey and four others with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

      On July 14, 2011, the Court set conditions of release, including a bond in the amount of $100,000 secured by a real property.

      On July 14, 2011, bond was posted and the Defendant was released.

      On June 21, 2012, Defendant Carey entered a plea of guilty to the charge in the Indictment.

      On July 12, 2013, this Court entered an Order accepting the Defendant's Plea of Guilty to the charge in the Indictment. Sentencing was set for September 10, 2012.

Sentencing has been reset ten times by the request of the parties. Sentencing is currently scheduled for February 24, 2014. The Government has recommended a sentence of 262 months imprisonment. Defendant has recommended the mandatory minimum sentence of 120 months imprisonment.

On December 16, 2013, the Court held a hearing on status of Defendant's counsel and the Defendant's conditions of release. At the hearing, the Court concluded that the provisions of 18 U.S.C. § 3143(a)(2) applicable to a Defendant pending sentence required that the Court order the Defendant detained. The Court remanded Defendant into custody.

On December 30, 2013, Defendant filed a motion for bail pending sentencing. Defendant asserts that exceptional circumstances support his continued release until judgment is entered and he has been designated to a Federal Bureau of Prisons facility. Defendant recognizes that the provisions of 18 U.S.C. § 3143(b)(2) apply to preclude his release but contends that the provisions of 18 U.S.C. § 3145(c) may authorize his release for "exceptional reasons." Defendant asserts that he is not a risk of flight or a danger to the community. Defendant asserts that exceptional reasons make his detention pending sentencing inappropriate including, his exemplary life prior to the offense, the length of the sentence and the hardship of prison, and his family circumstances.

The Government contends that Section 3143(b)(2) plainly requires the Defendant's detention and that Section 3145(c) applies to the appeal of a detention order to the circuit court. The Government asserts that the exceptional reasons clause in Section 3145(c) is not available to this Defendant prior to filing an appeal of the detention order. The Government further asserts that Defendant has not shown by clear and convincing evidence that he is not a risk of nonappearance or that there are exceptional reasons why his detention is not appropriate.

**APPLICABLE LAW**

18 U.S.C. § 3143 Release or detention of a defendant pending sentence or appeal

states in relevant part:

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
>
> (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a).

18 U.S.C. §3145 Review and appeal of a release or detention order states:

> (a) Review of a release order.--If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court–
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.
>
> (b) Review of a detention order.--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> (c) Appeal from a release or detention order.--An appeal from a release or detention order, or from a decision denying revocation or amendment of

such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145.

## RULING OF THE COURT

In this case, Defendant has entered a plea of guilty to an offense described in Section 3143(f)(1) and "is awaiting imposition ... of sentencing." 18 U.S.C. § 3143(a)(2). Defendant is subject to the mandatory detention provisions of 18 U.S.C. § 3143(2). There is no likelihood that a motion for acquittal or a new trial will be granted. Counsel for the Government has recommended a substantial sentence of imprisonment. Section 3143(a)(2) states that the "judicial officer shall order that a person found guilty ... [and] awaiting imposition ... of sentence be detained." 18 U.S.C. § 3143(a)(2).

18 U.S.C. § 3145 provides for the review and appeal of a release or detention order. Section 3145(a) provides for the review of a "release order by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense." Section 3145(b) provides for the review of a detention order "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense." Section 3145(c) provides for "an appeal from a release or detention order, or from a decision denying revocation or amendment of such an order." In *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003), the Court of Appeals referring to Section 3145(c) stated: "Although the 'exceptional reasons' provision appears in a subsection that otherwise concerns actions taken by appellate courts, we agree with the other circuits to have addresses the issue that the district court has authority to determine whether there are exceptional reasons." *Id.* at 1014, FN 1. The Court of Appeals explained:

> the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors

such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145.

## RULING OF THE COURT

In this case, Defendant has entered a plea of guilty to an offense described in Section 3143(f)(1) and "is awaiting imposition ... of sentencing." 18 U.S.C. § 3143(a)(2). Defendant is subject to the mandatory detention provisions of 18 U.S.C. § 3143(2). There is no likelihood that a motion for acquittal or a new trial will be granted. Counsel for the Government has recommended a substantial sentence of imprisonment. Section 3143(a)(2) states that the "judicial officer shall order that a person found guilty ... [and] awaiting imposition ... of sentence be detained." 18 U.S.C. § 3143(a)(2).

18 U.S.C. § 3145 provides for the review and appeal of a release or detention order. Section 3145(a) provides for the review of a "release order by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense." Section 3145(b) provides for the review of a detention order "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense." Section 3145(c) provides for "an appeal from a release or detention order, or from a decision denying revocation or amendment of such an order." In *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003), the Court of Appeals referring to Section 3145(c) stated: "Although the 'exceptional reasons' provision appears in a subsection that otherwise concerns actions taken by appellate courts, we agree with the other circuits to have addresses the issue that the district court has authority to determine whether there are exceptional reasons." *Id.* at 1014, FN 1. The Court of Appeals explained:

> the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors

or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal.

To illustrate how the term "exceptional reasons" may be applied we will consider some of the factors that alone or in combination with others may qualify under the statute. For example, one exceptional circumstance that might justify release under § 3145(c) would be that the defendant's criminal conduct was aberrational. A defendant with no prior history of violence may have acted violently, but uncharacteristically, in reaction to an unusually provocative circumstance. Such a defendant may be guilty of a violent crime, and yet may not be the type of violent person for whom Congress intended the mandatory detention rule. Moreover, if the district court finds that the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail, these factors would militate in favor of finding exceptional reasons.

The nature of the violent act itself may also be significant. As noted above, the Act demands exceptional reasons only for those convicted of violent crimes, drug offenses for which the maximum penalty is at least ten years in prison, and offenses for which the maximum penalty is life imprisonment or death. Various factors may lead the district court to believe that the particular act committed by the defendant, while falling within one of these categories, is sufficiently dissimilar from the others in that category to warrant a finding of "exceptional reasons." Under appropriate circumstances, for example, if the act was violent, but did not involve any specific intent-or if it did not involve any threat or injury to persons-the district court might find that in some cases the general rule in favor of detention is less likely to be applicable. Similarly, if the act of violence or the circumstances surrounding the act were highly unusual-the Justice Department Letter offers the example of a mercy killing-exceptional reasons might be more likely to exist.

The length of the prison sentence-both the maximum and the sentence imposed-may also be relevant, for several reasons. First, the length of the sentence may be a proxy for the seriousness of the crime. Second, the primary purpose of the Mandatory Detention Act-to incapacitate violent people-is only weakly implicated where the sentence imposed is very short, because regardless of whether the defendant is released pending appeal, he will soon be free. Third, in such circumstance, the defendant could be forced to serve most or all of his sentence before his appeal has been decided. Incarcerating such a defendant immediately upon conviction could substantially diminish the benefit he would ordinarily receive from an appeal. *See United States v. McManus*, 651 F.Supp. 382, 384 (D.Md.1987) ("There seems little point to an appeal if the defendant will serve his time before a decision is rendered.").

The district court might also consider circumstances that would render the hardships of prison unusually harsh for a particular defendant. Chief among such circumstances is a sufficiently serious illness or injury. A severely ill or injured defendant might have exceptional reasons even if

> the requisite medical treatment is available in prison. District judges may consider such factors as the desirability of maintaining an uninterrupted course of treatment while a defendant remains in the care of a particular physician who is providing individual medical supervision to the patient. Although a defendant may ultimately be forced to serve a prison sentence regardless of his health, it may be unreasonable to force him to begin his sentence prior to the resolution of his appeal. Nor do we foreclose the possibility of finding exceptional circumstances in a case in which incarceration would impose exceptional risks on a defendant involving his physical or mental well-being-risks that might arise as a result of the nature of his crime or even as a result of his possessing certain physical, psychological, or other characteristics.
>
> The nature of the defendant's arguments on appeal may also be considered by the district court in determining whether exceptional reasons exist. When there appears to be an unusually strong chance that the defendant will succeed in obtaining a reversal of his conviction on appeal he may be able to demonstrate exceptional reasons for delaying the commencement of his sentence.

340 F.3d at 1019-1020.

In this case, Defendant entered a plea of guilty to conspiracy to distribute cocaine. In the Plea Agreement, Defendant admitted that "from a date unknown to March 2012, there was an agreement between Michael Carey and others to distribute cocaine. Carey joined the agreement knowing its purpose and intending to help accomplish it. Carey knew the conspiracy involved at least 5 kilograms of cocaine." (ECF No. 104 at 2). While Defendant has no prior criminal record, Defendant agreed in the Plea Agreement to the imposition of a four level enhancement as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Defendant faces a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment for a serious drug offense. The length of the sentence is a reflection of the seriousness of the crime and there is no danger that Defendant would be forced to serve most or all of his sentence before the imposition of sentence or the resolution of an appeal. Defendant is not eligible for safety valve or a downward departure for aberrant behavior. U.S.S.G. §5K2.20(c)(3). No issues have been identified to form the basis of any appeal.

Defendant's family responsibilities, while significant, are not exceptional reasons to avoid the otherwise mandatory detention of Section 3143(a)(2). Sentencing in this

1  case is scheduled for February 24, 2014. This Court has determined that there are no
2  "truly unusual factors or combination of factors (bearing in mind the congressional
3  policy that offenders who have committed crimes of violence should not, except in
4  exceptional cases, be released pending appeal)" that support Defendant's release
5  pending sentencing.

6      IT IS HEREBY ORDERED that the motion for bail pending sentencing (ECF
7  No. 190) filed by Defendant Michael Carey is denied.

8  DATED: January 27, 2014

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge