# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>  vs.<br>MICHAEL CAREY (1),<br><br>                          Defendant. | CASE NO. 11CR0671WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for discovery and disclosures filed by the Defendant. (ECF No. 300).

On October 4, 2016, the Court of Appeals for the Ninth Circuit vacated this court's order denying Defendant's motion to suppress evidence obtained from wiretaps and remanded "on an open record to determine what evidence was lawfully obtained in 'plain hearing.'" *United States v. Carey*, 836 F.3d 1092, 1094 (9th Cir. 2016). The Court of Appeals stated:

> [B]ecause the order did not authorize agents to listen to Carey or his associates, the government may only use evidence obtained in accordance with the "plain hearing" doctrine discussed above.
>
> The record does not indicate what evidence was obtained before the agents knew or should have known that they were listening to calls outside of the Escamilla conspiracy.

*Id.* at 1098. On remand, the court will hold a further hearing to determine whether the FBI agents knew or reasonably should have known that it was intercepting a conspiracy

outside of the Escamilla conspiracy on T-14 during the period March 10, 2010 to March 17, 2010. Defendant is entitled to "reasonable discovery relating to this [] purpose." *United States v. Soto-Zuniga*, 837 F.3d 992, 1002 (9th Cir. 2016).

On February 6, 2017, Defendant filed a motion requesting 30 specific disclosures and discovery requests. (ECF No. 300-1 at 28-52). The Government does not oppose the following requests: 1, 2, 3, 4, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 19, 21, 23, 25, and 26. (ECF No. 304 at 2-3). These requests are granted. The Court further orders as follows:

<u>Discovery Request 5</u>: Cross agency communications

This request is granted as to any communications during the period March 10, 2010 to March 17, 2010 not protected by Rule 16(a)(2) or not otherwise subject to a claim of privilege by the Government. The Government shall provide a privilege log for any documents not turned over based upon a claim of privilege.

<u>Discovery Request 10</u>: Cooperator Information regarding the Carey conspiracy

Carey requests any materials concerning persons who provided information about the Carey conspiracy, and specifically, debriefs with confidential informants interviewed on June 11, 2009, November 20, 2009, December 17, 2009 and information obtained from interviews from unindicted co-conspirators. The Government has previously disclosed "all reports documenting CI info re Carey." (ECF No. 288 at 10). The Government contends that this request should be denied on the grounds that the hearing on remand is limited to the FBI's knowledge during the wiretap on T-14.

The Court finds that Defendant has failed to identify any connection between any further disclosure of confidential informant information and the issues presented in the remand. This request is denied with leave to renew upon further showing of good cause.

<u>Discovery Request 11</u>: Communications between prosecutors and agents

Carey requests any materials detailing communications between the prosecutors and agents concerning the Carey conspiracy. The Government contends that this request is overbroad and not limited to communications relevant to the question on remand.

This request is granted as to any communications during the period March 10, 2010 to March 17, 2010 not protected by Rule 16(a)(2) or not otherwise subject to a claim of privilege by the Government. The Government shall provide to the court under seal any documents not turned over based upon a claim of privilege.

<u>Discovery Request 18</u>: All discovery concerning the Escamilla conspiracy

Defendant requests "all recorded conversations, electronic, mechanical, stenographic, or otherwise, of any defendant or any other person, whether or not acting on behalf of any Government, which is relevant to the subject matter charged in the complaint in this case. . . [Defendant] requests all reports or investigative material of the *Escamilla* conspiracy in order to 'contradict' the contents of Agent Melzer's Declaration." The Government does not oppose the disclosure of reports of the Escamilla investigation during the period March 10, 2010 to March 17, 2010.

This request is granted as to all reports pertaining to Ignacio Escamilla-Estrada, all communications and surveillance, all surveillance activities of Ignacio Escamilla-Estrada during the period March 10, 2010 to March 17, 2010, and all information concerning how the agents knew that Ignacio Escamilla-Estrada was no longer using T-14. This request is otherwise denied based upon the record with leave to renew upon further showing of good cause.

<u>Discovery Request 20</u>: Materials demonstrating delays in arrests

Defendant requests materials demonstrating delays in arrests of the Escamilla conspirators in order to permit the defense to establish timelines of the investigations. The Government contends that this request seeks information not related to the issue on limited remand and protected by work product and excluded from discovery by Rule 16(a)(2).

This request is not reasonably related to the purpose of the hearing on remand. This request is denied based upon the record with leave to renew upon further showing of good cause.

<u>Discovery Request 22</u>: Government work product and trial preparation materials

1    Defendant requests Government work product and trial preparation materials in the
2 Carey and Escamilla cases. Defendant states "while normally beyond Rule 16 and
3 *Brady*, [Defendant] makes this request specifically because the circumstances of the
4 illegal interception of the Carey communications and the mysterious lack of reports from
5 the agencies." (ECF No. 300-1). The Government asserts that this request is not
6 supported by the facts or the law.

7    The legality of the interception of the Carey communications is the subject of the
8 hearing on remand. This request is overbroad and not related to any discoverable
9 materials as written. This request is denied.

10   <u>Discovery Request 24</u>: Tracker warrants of Escamilla conspirators

11   Defendant requests tracker warrants of Escamilla conspirators prior to the requests
12 for tracker warrants in the Carey conspiracy in order to evaluate the stated belief by
13 Agent Meltzer that the callers in T-14 might be affiliated with known targets in the
14 Escamilla conspiracy. The Government contends that tracking information prior to
15 March 10, 2010 "says nothing about whether it knew or reasonably should have known
16 the new, unidentified speakers on T-14 during the one-week period were part of the same
17 conspiracy." (ECF No. 304 at 12).

18   This request is not reasonably related to the purpose of the hearing on remand.
19 This request is denied based upon the record with leave to renew upon further showing
20 of good cause.

21   <u>Discovery Request 27</u>: Comparison of TECS records

22   Defendant requests any comparison or analysis of TECS records with cell phone
23 GPS records for the Carey and Escamilla conspirators in order to evaluate whether the
24 agents should have known that these were separate conspiracies. The Government does
25 not oppose the request "to the extent it seeks existing agent reports. . . for persons
26 intercepted on T-14 from March 10 to 17, 2010." (ECF No. 304 at 12).

27   This request is granted as to any agent reports or information for persons
28 intercepted on T-14 from March 10 to 17, 2010 not protected by Rule 16(a)(2) or not

otherwise subject to a claim of privilege by the Government. The Government shall provide a privilege log for any documents not turned over based upon a claim of privilege.

<u>Discovery Request 28</u>: Grand jury transcripts

This request is granted as to any witness called at the evidentiary hearing who previously testified before the grand jury.

<u>Discovery Request 29</u>: Intelligence operations

Defendant requests disclosure of the sources and methods used by the intelligence analysts in the Southwest Region Intelligence Centers, of U.S. agents operating in Mexico, and of U.S. contractors investigating the Carey and Escamilla conspiracies. The Government contends that no facts or law support this request. The Government states that it has identified and provided Rule 16 discovery from all agencies identified in the Carey and Escamilla investigations and is not "aware of any other sources and methods for gathering intelligence." (ECF No. 304 at 16).

This request is overbroad and not related to any discoverable materials as written. This request is denied.

<u>Discovery Request 30</u>: Additional technologies used by the FBI

This request is overbroad and not related to any discoverable materials as written. This request is denied.

IT IS HEREBY ORDERED that the motion for discovery and disclosures filed by the Defendant (ECF No. 300) is granted in part and denied in part as follows:

Requests 1, 2, 3, 4, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 19, 21, 23, 25, and 26 are granted.

Request 5 is granted as to any communications during the period March 10, 2010 to March 17, 2010 not protected by Rule 16(a)(2) or not otherwise subject to a claim of privilege by the Government. The Government shall provide a privilege log for any documents not turned over based upon a claim of privilege.

Request 10 is denied with leave to renew upon further showing of good cause.

Request 11 is granted as to any communications during the period March 10, 2010 to March 17, 2010 not protected by Rule 16(a)(2) or not otherwise subject to a claim of privilege by the Government. The Government shall provide to the court under seal any documents not turned over based upon a claim of privilege.

Request 18 is granted as to all reports pertaining to Ignacio Escamilla-Estrada, all communications and surveillance, all surveillance activities of Ignacio Escamilla-Estrada during the period March 10, 2010 to March 17, 2010, and all information concerning how the agents knew that Ignacio Escamilla-Estrada was no longer using T-14. This request is otherwise denied based upon the record with leave to renew upon further showing of good cause.

Request 20 is denied based upon the record with leave to renew upon further showing of good cause.

Request 22 is denied.

Request 24 is denied based upon the record with leave to renew upon further showing of good cause.

Request 27 is granted as to any agent reports or information for persons intercepted on T-14 from March 10 to 17, 2010 not protected by Rule 16(a)(2) or not otherwise subject to a claim of privilege by the Government. The Government shall provide a privilege log for any documents not turned over based upon a claim of privilege.

Request 28 is granted as to any witness called at the evidentiary hearing who previously testified before the grant jury.

Request 29 is denied.

Request 30 is denied.

DATED: March 9, 2017

**WILLIAM Q. HAYES**
United States District Judge