# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11CR671 WQH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MICHAEL CAREY, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to quash the subpoena for testimony by Assistant United States Attorney ("AUSA") Todd Robinson (ECF No. 332) filed by Plaintiff United States of America.

## BACKGROUND

On October 4, 2016, the Court of Appeals for the Ninth Circuit vacated the order of the Court denying Defendant's motion to suppress evidence obtained from wiretaps and remanded "on an open record to determine what evidence was lawfully obtained in 'plain hearing.'" *United States v. Carey*, 836 F.3d 1092, 1094 (9th Cir. 2016). The Court of Appeals stated:

> [B]ecause the order did not authorize agents to listen to Carey or his associates, the government may only use evidence obtained in accordance with the "plain hearing" doctrine discussed above.
>
> The record does not indicate what evidence was obtained before the agents knew or should have known that they were listening to calls outside of the Escamilla conspiracy.

*Id.* at 1098. On remand, the parties agreed that the court would hold an evidentiary

hearing to determine whether the FBI agents knew or reasonably should have known that it was intercepting a conspiracy outside of the Escamilla conspiracy on T-14 during the period March 10, 2010 to March 17, 2010.

On April 16, 2018, after lengthy delay to accommodate Defendant's discovery request, the Court set an evidentiary hearing with the agreement of both sides for May 30, 2018. (ECF No. 327).

On May 29, 2018, the defense served a subpoena to testify at a hearing in a criminal case on AUSA Todd Robinson. Attached to the subpoena is a letter dated May 27, 2018 from counsel for the Defendant to the Acting Assistant Attorney General of the Criminal Division U.S. Department of Justice demanding testimony from AUSA Robinson at the May 29, 2018 evidentiary hearing. (ECF No. 332-1 at 3-4). The letter states in part:

> AUSA ("Robinson") was involved in the investigation and prosecution of the Escamilla conspiracy from its inception, and involved in the applications for the wiretap on T-14 and (sic) well as other warrants. As explained above, in March 2010 when Melzer realized the person using T-14 on the wiretap was not Escamilla, he consulted with Robinson who then authorized Melzer to continue monitoring calls. Robinson's testimony is critical to ascertain, as mandated by the 9th Circuit, at what point agents knew or reasonably should have known that the phone calls they were monitoring involved speakers outside the Escamilla conspiracy, i.e., involved the Carey conspiracy. In short, Robinson is a critical percipient witness to determine what evidence was lawfully obtained in "plain hearing."

*Id.* at 5.

On May 29, 2018, Plaintiff United States filed a motion to quash the subpoena for testimony by AUSA Robinson.

On May 30, 2018, the Court held the evidentiary hearing. At the evidentiary hearing, defense counsel represented that he waited until the day before the hearing for strategic purposes. The Court deferred ruling on the motion to quash the subpoena and ordered the Defendant to file a response and the Plaintiff to file a reply.

FBI Special Agent Meltzer testified at the evidentiary hearing that he was the case agent for the investigation of a drug-trafficking group called the Heredia-Escamilla Organization and that federal authorities had obtained an order on March 5, 2010 to tap

phones for the investigation, including T-14 believed to be used by Escamilla Estrada. Meltzer testified that an informant had consensually recorded more than 40 calls with Escamilla Estrada at the T-14 number from February 9, 2010 to March 4, 2010.

Meltzer testified that the first intercepted call on T-14 occurred on March 10, 2010 and that the call was in English with the speaker stating that this was "Mr. Keys' new number." Meltzer testified that several calls in the Spanish language were subsequently intercepted on T-14 that he believed clearly concerned drug-trafficking. Meltzer testified that the investigators concluded at some point that Escamilla Estrada was not using T-14 and that they did not know the identity of the new user. Meltzer testified that he thought the callers and calls might still be affiliated with the subjects of our investigation and that the investigation had found a previously undiscovered aspect of the subject drug trafficking as often happens during wiretap investigations.

Meltzer testified that he told the prosecutor assigned to the investigation, AUSA Robinson, about the development after concluding that Escamilla Estrada was not using T-14 and after intercepting calls indicating that T-14 was still being used to facilitate drug trafficking. Meltzer testified that he routinely spoke with AUSA Robinson about the various developments in the case and that AUSA Robinson indicated that the intercepts of T-14 could continue. Meltzer testified that intercepted calls on T-14 led to a stop of a vehicle on March 17, 2010 and the seizure of $688,000 in U.S. currency as well as a search warrant for a residence in which 17 kilograms of cocaine was found. Meltzer testified that the user of T-14 stopped using the phone on that day. Meltzer testified that he learned at a later time that persons intercepted on T-14 and detained during the searches might be linked to an investigation conducted by agents for Homeland Security Investigations. Meltzer testified that he had not been aware of the Homeland Security investigation, and that no overlap between his investigation and the Homeland Security investigation was found other than the calls on T-14.

## **RULING OF THE COURT**

1    Plaintiff United States moves the Court to quash the subpoena served upon
2 AUSA Robinson on the grounds that Defendant has failed to comply with the federal
3 regulations controlling the production of oral testimony by Department of Justice
4 employees. Plaintiff United States contends that the letter notice supporting the
5 subpoena fails to provide a sufficient description of the testimony sought from AUSA
6 Robinson to permit a meaningful analysis of the regulations. Plaintiff United States
7 contends that Defendant fails to adequately describe the testimony Defendant intends
8 to elicit from AUSA Robinson to allow the responsible official to determine if the
9 testimony is privileged or prohibited by regulation. Plaintiff United States further
10 contends that the subpoena violated Rule 17(b) of the Federal Rules of Criminal
11 Procedure. Plaintiff United States contends that Defendant is using the subpoena as a
12 discovery device and that Defendant fails to aver facts which, if true, would be relevant
13 to any issue in this case.

14    Defendant contends that he has complied with all Department of Justice
15 regulations and that the Court should compel the testimony of AUSA Robinson.
16 Defendant asserts that AUSA Robinson is a critical percipient witness to the meeting
17 with Agent Meltzer in which Agent Meltzer informed AUSA Robinson that Escamilla
18 Estrada was not using T-14 and that Agent Meltzer did not know the identity of the new
19 user. Defendant contends that Agent Meltzer "met with AUSA for guidance" and that
20 "Meltzer continued monitoring T-14." (ECF No. 334 at 4). Defendant contends that
21 testimony from AUSA Robinson concerning the date of the meeting with Agent Meltzer
22 and nature of the conversation is necessary to "determine what evidence was lawfully
23 obtained 'in plain hearing.'" *Id*. at 4. Defendant contends that the suggestion of
24 privilege is a "complete red herring" and that the showing of a specific incident meets
25 his burden under Fed. R. Crim. P. 17(b). *Id*.

26    5 U.S.C. § 301 states "the head of an Executive Department may prescribe
27 regulations for the government of his department, the conduct of its employees, . . . and
28 the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301.

Pursuant to this authority, the Attorney General has promulgated regulations controlling the production of oral testimony by Department of Justice employees. 28 C.F.R. §§ 16.21-16.29. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468-70 (1951) (holding that a Department of Justice employee could not be held in contempt for failure to comply with a subpoena to produce records because the relevant regulation validly withdrew from the employee and placed in the Attorney General the decision whether and on what terms to comply with the subpoena); *In Re Boeh*, 25 F.3d 761, 763-64 (9th Cir. 1994) ("Any doubt as to the validity of the regulation's requirement of prior approval is foreclosed, in our view, by the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*....").

AUSA Robinson is an employee of the Department of Justice. Pursuant to regulations, AUSA Robinson may not disclose any information acquired as a part of the performance of his official duties "without prior approval of the proper Department official." 28 C.F.R. § 16.22.

28 C.F. R. § 16.23(c) states:

> If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. 16.23(c). Based upon this summary of testimony sought, Department officials are entitled to determine whether disclosure will be made taking into account considerations set forth in § 16.26.

The letter attached to the subpoena asserts that the testimony of AUSA Robinson "is critical for Carey and the government to determine what evidence was lawfully obtained in 'plain hearing.'" (ECF No. 332-1 at 5). However, Defendant fails to identify any testimony of AUSA Robinson outside of his role as prosecutor assigned to the investigation. There are no facts set forth in the letter that identify any disclosures that AUSA Robinson could make at the evidentiary hearing outside of his role as counsel. The Court concludes that Defendant fails to adequately set forth "a

summary of the testimony sought to be furnished." 28 C.F. R. 16.23(c). Without this information, the Department officials cannot properly determine whether disclosure is "appropriate under the relevant substantive law concerning privilege." 28 C.F.R. 16.26(a)(2).[1]

IT IS HEREBY ORDERED that the motion to quash the subpoena for testimony by AUSA Todd Robinson (ECF No. 332) filed by Plaintiff United States of America is granted.

DATED: July 5, 2018

**WILLIAM Q. HAYES**
United States District Judge

---

[1] In addition, the general statement that the testimony of AUSA Robinson is critical to determine the issue on remand is not supported by specific facts necessary to make a satisfactory showing under Fed. R. Crim P. 17(b).