UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>MICHAEL CAREY<br><br>                              Defendant. | Case No.:  11cr671 WQH<br><br>**ORDER** |

HAYES Judge:

    The following motions filed by the Defendant are pending before the Court: 1) emergency motion for reduction of term of imprisonment (ECF No. 392); 2) emergency motion for bail pending appeal (ECF No. 396); and 3) supplemental motion for bail pending appeal (ECF No. 405).

    On April 23, 2014, this Court entered judgment sentencing the Defendant to serve a term of imprisonment of 150 months for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 218). Prior to the sentencing, Defendant entered a guilty plea reserving his right to appeal the ruling of the district court "denying his motion to suppress evidence (Docket Entry 57)." (ECF No. 104 at 7). Defendant filed a notice of appeal.

On October 4, 2016, the Court of Appeals for the Ninth Circuit vacated the order denying Defendant's motion to suppress evidence obtained from wiretaps and remanded "on an open record to determine what evidence was lawfully obtained in 'plain hearing.'" *United States v. Carey*, 836 F.3d 1092, 1094 (9th Cir. 2016).

After lengthy discovery, the Court held an evidentiary hearing on May 30, 2018 and July 6, 2018.

On October 25, 2018, after extensive briefing, the Court denied the Defendant's motion to suppress the wiretap evidence and reentered the April 23, 2014 judgment. (ECF No. 356). Defendant filed a notice of appeal. (ECF No. 357). After three relieving three appointed counsel, the Court of Appeals entered an order on March 16, 2020 granting the request by the Defendant to represent himself on appeal and issued a briefing schedule. The appeal remains pending.

On July 27, 2020, Defendant filed an emergency motion for reduction of term of imprisonment (ECF No. 392) supported by points and authorities (ECF No. 394).

On July 31, 2020, Plaintiff United States filed an opposition. (ECF No. 393).

On September 3, 2020, Defendant filed an emergency motion for bail pending appeal (ECF No. 396).

On September 11, 2020, a supplemental letter in support of bail pending appeal was filed. (ECF No. 398).

On September 21, 2020, Plaintiff United States filed an opposition. (ECF No. 399).

\   On October 01, 2020, Defendant filed a supplemental motion for bail pending appeal including BOP medical records (ECF No. 405)

On October 15, 2020, Plaintiff United States filed an opposition. (ECF No. 411).

On November 6, 2020, Defendant filed a status update on his bail motion. (ECF No. 417).

On November 9, 2020, Defendant filed a reply to the opposition to his motion for bail pending appeal. (ECF No. 420).

1  On November 19, 2020, Defendant filed a reply to the opposition to his motion for bail pending appeal. (ECF No. 422).

**Emergency motion for reduction of term of imprisonment** (ECF No. 392)

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon the passage of Amendment 782 to the United States Sentencing Guidelines. Plaintiff United States asserts that Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

18 U.S.C. § 3582(c)(2) provides

> The court may not modify a term of imprisonment once it has been imposed except that--in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is a "narrow exception to the rule of finality." *Dillon v. United States*, 560 U.S. 817, 827 (2010). The statute gives the court discretion to reduce the sentence of a defendant imprisoned "based on a sentencing range" later "lowered by the Sentencing Commission" if consistent with "the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see id*. at 824.

At the sentencing hearing in this case, the Court found the sentencing guideline range was 262 to 327 months. (ECF No. 242 at 8-9). The base offense level was 38 based upon an offense involving at least 150 kilograms of cocaine; a four-level upward adjustment for organizer/leader under USSG § 3B1.1(a); a three-level reduction for acceptance of responsibility; a total offense level of 39; and criminal history category I. *Id.* at 8-9. These calculations were agreed to by the parties and adopted by the Court. *See* Government Sentencing Summary Chart (ECF No. 174); Defendant's Sentencing Summary Chart (ECF

No. 208). The Court varied downward from the guideline range and sentenced Defendant to serve a term of imprisonment of 150 months. (ECF No. 218).

After the sentencing, Amendment 782 to the Guidelines lowered the offense level for crimes involving 150 kilograms of cocaine from 38 to 36. U.S.S.G. App. C, Amendment 782 (2014). Substituting the offense level 36 and applying the remaining guideline calculations, before departures or variances, produces an adjusted offense level of 37 and a range of 210 to 262 months. (base offense level 36, plus four for organizer/leader, minus three for acceptance, total offense level 37, category I). Section 1B1.10(b)(2)(A), however, limits the reduction the Court may apply to a sentence reduction under § 3582(c)(2). *Dillion*, 560 U.S. at 827 ("Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized.").

Section 1B1.10(b)(2)(A) provides in relevant part the Court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." §1B1.10(b)(2)(A). In this case, the Court is not authorized by §3582(c)(2) to reduce Carey's sentence below the minimum of the guideline range, in this case, 210 months.

"A district court is generally prohibited from reducing a sentence if the reduction would place the defendant's term of imprisonment below the lower end of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A). The only exception is when the defendant's original term of imprisonment is below the Guidelines range because he or she received a reduction for substantially assisting authorities…." *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019). *See also United States v. Hernandez-Martinez*, 933 F.3d 1126, 1135 (9th Cir. 2019) (§ 3582(c)(2) "permits a sentence reduction when both of the following conditions are true – (A) the original term was 'based on' a sentencing range that is later reduced; *and* (B) the reduction is consistent with the U.S. Sentencing Commission's policy statements."). In this case, Defendant did not receive a departure based upon substantial assistance. The record shows that the Court varied down for other

reasons. ECF No 242 at 8-20. Defendant's emergency motion for reduction of term of imprisonment (ECF No. 392) is denied.

**Emergency motion for bail pending appeal** (ECF No. 396)
**Supplemental motion for bail pending appeal** (ECF No. 405)

On October 25, 2018, the Court denied the Defendant's motions to suppress the wiretap evidence and reentered the April 23, 2014 Judgment. (ECF No. 356). Defendant filed a notice of appeal. (ECF No. 357). This appeal remains pending.

Defendant moves the Court for release pending appeal on the grounds that his pending appeal is likely to result in reversal. Defendant further asserts that the public health crisis presented by the COVID-19 pandemic presents exceptional circumstances supporting his release pending appeal.

Plaintiff United States contends that Defendant cannot show that he is not likely to flee or that the denial of the motion to suppress evidence raises a substantial question of law or fact likely to result in a reversal. Plaintiff United States asserts that there are no exceptional circumstances that would support bail pending appeal in this case.

Section 3143(b)(1) provides in part that persons convicted of federal crimes are not eligible for release pending appeal unless a court finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Under the Mandatory Detention Act of 1990, however, violent offenders, as well as those convicted of drug offenses with a maximum sentence of at least ten years in prison and those convicted of any offense with a maximum sentence of life imprisonment or death, are not eligible for release simply because they meet these requirements. 18 U.S.C. § 3143(b)(2). As to such offenders, Congress has imposed an additional condition: Persons subject to the 1990 Act are not eligible for release unless "it is clearly shown that there are exceptional reasons why[their] detention would not be appropriate." 18 U.S.C. § 3145(c). *United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).

In this case, Defendant was convicted of a violation of 21 U.S.C. § 846, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," and "an offense for which the maximum sentence is life imprisonment." Pursuant to §3143(b)(2), Defendant shall be detained unless he meets the conditions of § 3143(b)(1) and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

On October 25, 2018, the Court denied the Defendant's motions to suppress the wiretap evidence and reentered the April 23, 2014 Judgment. (ECF No. 356). The Court stated

> On March 17, 2010, Agent Meltzer learned that the information intercepted from the T-14 line led to the drug seizure at the Irvine residence, and that the associated individuals could be linked to a separate investigation conducted by HSI Agent Krall. This link was confirmed two days later when Agent Meltzer met with DEA and HIS agents, and it was determined that there was no additional overlap between the two investigations. No communications were intercepted on T-14 after the agent determined that the two investigations were separate. There were no interceptions on the T-14 line after any agent knew or should have known that the phone calls on the T-14 line could involve callers outside the scope of the Escamilla conspiracy and the scope of the wiretap order.
> The testimony provided by Agent Meltzer and Agent Krall was entirely consistent and credible. The agents worked separate investigations. There is no evidence that Agent Meltzer or Agent Krall were aware of any overlap

> between their investigations or should have been aware of any overlap. The March 15, 2010 surveillance did not provide any facts to indicate that T-14 was not being used by the Escamilla organization. The "objective facts available to [the agents prior to March 17, 2018] suggested" that T-14 continued to be used by the Escamilla conspirators. *See Maryland v. Garrison*, 480 U.S. at 88. The agents did not know and had no reason to know that the person speaking on the tapped line was not involved in the target conspiracy. The Court concludes that the agents were not required to cease the wiretap and the motion to suppress the evidence is denied.

ECF No. 356 at 8-9. Defendant filed a notice of appeal which remains pending.

The Court concludes that Defendant does not meet the generally applicable requirements for eligibility for release pending appeal in § 3143(b)(1). In this case, the issues on appeal do not raise a level of merit required to support bail pending appeal. The factual findings made by the Court after extensive evidentiary hearing and thorough legal briefing do not present a substantial question, "fairly debatable" or "fairly doubtful." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir 1985). The legal issue was not complex. The factual findings were based upon credible testimony which was not contradicted by any evidence or reasonable inference.

In addition, Defendant has not shown any evidence of a serious illness which would support release under § 3145(c). *See Garcia*, 340 F.3d at 1019 ("A severely ill or injured defendant might have exceptional reasons even if the requisite medical treatment is available in prison."). Defendant does not present evidence to support a medical condition or any condition of his present confinement, alone or in combination, that would serve as an "exceptional reason" why detention would not be appropriate. § 3145(c).

///

IT IS HEREBY ORDERED that 1) emergency motion for reduction of term of imprisonment (ECF No. 392) is denied;  2) emergency motion for bail pending appeal (ECF No. 396) is denied; and 3) supplemental motion for bail pending appeal (ECF No. 405) is denied.

Dated:  November 30, 2020

Hon. William Q. Hayes
United States District Court