UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br><br>  v.<br><br>MICHAEL CAREY,<br><br>                                Defendant. | Case No. 11-cr-00671-BAS-1<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION FOR DOCUMENTS (ECF No. 427); AND**<br><br>**(2) DENYING MOTION FOR RECONSIDERATION (ECF No. 439)** |

Presently before the Court are two post-judgment requests from Defendant Michael Carey. First, Mr. Carey asks the Court for copies of certain filings and other miscellaneous relief. (ECF No. 427.) Second, Mr. Carey asks the Court to reconsider the Hon. William Q. Hayes's order denying Mr. Carey's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). (ECF No. 439.) For the following reasons, the Court **GRANTS IN PART** the request for court filings and **DENIES** the reconsideration motion.

I.    **BACKGROUND**

In 2011, Mr. Carey was indicted with conspiracy to distribute cocaine. He moved unsuccessfully to suppress evidence arising from a wiretap that led to his indictment. (ECF No. 91.) Mr. Carey then pled guilty and waived his right to appeal or collaterally

attack his conviction, with the exception that he may appeal: (1) the Court's suppression order; or (2) a sentence outside of the guideline range recommended by the Government. (ECF Nos. 104, 107, 114.) In 2014, Judge Hayes sentenced Mr. Carey to 150 months in custody. (ECF No. 218.)

Mr. Carey appealed, and in 2016, the Ninth Circuit reversed the Court's suppression order. *United States v. Carey*, 836 F.3d 1092 (9th Cir. 2016). As the Court of Appeals summarized:

> Acting pursuant to the Wiretap Act, federal agents secured a wiretap order for a San Diego phone number based on evidence that Ignacio Escamilla Estrada (Escamilla) was using the number in a drug smuggling and distribution conspiracy. Agents monitoring the wiretap overheard drug-related phone conversations. At some point during a seven-day period, the agents realized that Escamilla was not using the phone. Agents continued listening, however, believing at least initially that the people speaking on the phone might have been part of the Escamilla conspiracy. The seven days of wiretap monitoring culminated in a traffic stop, and agents then confirmed that the persons on the phone had no connection to Escamilla.
>
> Appellant Michael Carey was eventually identified as a speaker in some of the phone calls, and he was then charged with conspiracy to distribute cocaine. Carey moved to suppress the evidence obtained from the wiretaps, arguing that the government violated the Wiretap Act by never applying for a wiretap as to him or his coconspirators. The district court denied the motion, ruling that the government could rely on the Escamilla order to listen to Carey's conversations.
>
> The Fourth Amendment provides an exception to the warrant or probable cause requirement when police see contraband in "plain view." We adopt a similar principle today and hold that the police may use evidence obtained in "plain hearing" when they overhear speakers unrelated to the target conspiracy while listening to a valid wiretap, without having complied with the Wiretap Act requirements of probable cause and necessity as to those specific speakers. However, the agents must discontinue monitoring the wiretap once they know or reasonably should know that the phone calls only involved speakers outside the target conspiracy.
>
> The district court did not apply these principles, and the record in this case does not show exactly when agents knew or should have known that the phone

>conversations did not involve Escamilla and his coconspirators. We vacate the district court's denial of Carey's motion to suppress and remand to the district court on an open record to determine what evidence was lawfully obtained in "plain hearing."

*Id.* at 1093–94 (citations and footnotes omitted).

Upon remand, there were extensive proceedings concerning how the case should proceed, what additional discovery is needed to develop the wiretap issue, and how the Court should resolve Defendant's revived suppression motion. (*See* ECF Nos. 282 to 355.) Then, on October 25, 2018, after an evidentiary hearing, Judge Hayes again found the wiretap evidence should not be suppressed and reentered the Court's prior judgment "for the purposes of any further appeal." (ECF No. 356.)

Mr. Carey appealed this decision. (ECF No. 357.) Briefing for the appeal has been repeatedly postponed due to changes in appointed counsel, with Mr. Carey ultimately being granted permission to represent himself. (*See* ECF Nos. 362 to 387.)

Meanwhile, on July 27, 2020, Mr. Carey, without the assistance of counsel, filed an emergency motion to reduce his sentence. (ECF Nos. 390, 392.) The request was based in part on Amendment 782 to the U.S. Sentencing Guidelines. (*Id.*) Mr. Carey also filed both an emergency motion for bail and supplemental materials for bail pending appeal. (ECF Nos. 396, 398, 405.)

On November 30, 2020, Judge Hayes issued an order denying Mr. Carey's requests. (ECF No. 424.) Judge Hayes reasoned that Amendment 782 did not authorize the Court "to reduce Carey's sentence below the minimum of the guideline range, in this case, 210 months." (*Id.*) Hence, he denied Mr. Carey's request for a sentence reduction. (*Id.*) Judge Hayes further found Mr. Carey's release pending appeal is not warranted. (*Id.*) He reasoned Mr. Carey is subject to the Mandatory Detention Act of 1990 and therefore must clearly show there are exceptional reasons why detention is not appropriate. (*Id.*) Judge Hayes concluded Defendant did not meet that higher threshold. (*Id.*) Mr. Carey appealed Judge Hayes's bail determination, and the case was transferred to the undersigned. (ECF Nos. 425, 432.)

There are now two pending motions to be resolved. First, on December 11, 2020, Mr. Carey filed a motion to, among other things, compel the Clerk of Court to provide him certain sealed records. (ECF No. 427.) Second, on January 19, 2021, Mr. Carey filed a motion to reconsider Judge Hayes's decision to deny his motion for a sentence reduction. (ECF No. 439.)

## II. ANALYSIS

### A. Motion for Reconsideration

The Court first considers the reconsideration motion. Mr. Carey primarily argues reconsideration of the Court's order denying his request for a sentence reduction is appropriate because he claims the Government fabricated evidence and his reply brief was not properly considered. (Recon. Mot., ECF No. 439.)

Under 18 U.S.C. § 3582, "[t]he court may not modify a term of imprisonment once it has been imposed," but there are several exceptions. The exception Mr. Carey relied on here is 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As mentioned, Judge Hayes concluded relief was not appropriate under this provision because the implementing policy statement did not authorize a reduction for Mr. Carey. (Order, ECF No. 424.)

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). That said,

1  if a reconsideration motion seeks a change in a defendant's sentence, courts have reasoned
2  the defendant must satisfy both an exception listed in 18 U.S.C. § 3582 and the additional
3  rules for reconsideration motions. *See, e.g.*, *United States v. Zepeda*, No. LA CR07-1441-
4  VBF-1, 2018 WL 5279540, at *2 (C.D. Cal. June 22, 2018); *United States v. Brown*, No.
5  2:13-CR-00407-TLN, 2016 WL 6988665, at *2 (E.D. Cal. Nov. 29, 2016).

6  Further, courts typically evaluate reconsideration motions in criminal cases "under
7  the standards applied to civil motions for reconsideration." *United States v. Gomez*, No.
8  3:14-CR-3000-DMS, 2021 WL 347694, at *1 (S.D. Cal. Feb. 2, 2021); *accord, e.g.*, *United
9  States v. Wilson*, No. CR-17-00972-001-PHX-GMS, 2021 WL 1171508, at *1 (D. Ariz.
10 Mar. 29, 2021) (collecting cases). "Under those standards, reconsideration is appropriate
11 if the district court (1) is presented with newly discovered evidence; (2) committed clear
12 error or the initial decision was manifestly unjust; or (3) if there is an intervening change
13 in controlling law." *Gomez*, 2021 WL 347694, at *1 (citing *Sch. Dist. No. 1J, Multnomah
14 Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

15 The Court finds Mr. Carey's reconsideration motion lacks merit. First, many of the
16 points Mr. Carey raises do not concern 18 U.S.C. § 3582(c)(2)—the provision under which
17 he asked for a sentence reduction. For example, Mr. Carey argues fabricated evidence was
18 presented at the evidentiary hearing on his revived suppression motion. (Recon. Mot. 9:7–
19 28.) Those arguments may be relevant for Mr. Carey's pending direct appeal or a collateral
20 attack on his conviction, but they are not relevant to a request for a sentence reduction
21 under 18 U.S.C. § 3582(c)(2), let alone a follow-up reconsideration motion.

22 In addition, Mr. Carey repeatedly argues that Judge Hayes improperly suppressed
23 Mr. Carey's reply in support of his § 3582(c)(2) motion. However, the Court notes that
24 this reply was filed on the docket as ECF No. 413 as part of several items the Court received
25 from Defendant. (*See* ECF No. 413 at 3–20.)

26 As for Judge Hayes's § 3852(c)(2) determination, Mr. Carey argues Judge Hayes
27 erred because he did not make a specific drug quantity finding when resolving Mr. Carey's
28

Amendment 782 argument. (Recon. Mot. 10:12–11:11 (citing *United States v. Rodriguez*, 921 F.3d 1149, 1152, 1159 (9th Cir. 2019)).) The Court is unconvinced.

Here, the Presentence Report ("PSR") originally calculated the guideline range for Mr. Carey based on the 17 kilograms of cocaine seized in this case, which made Mr. Carey's base offense level 34. (ECF No. 123.) The Government, however, objected to the PSR and submitted evidence from coconspirators demonstrating just one of the conspiracy's drug couriers smuggled well over 150 kilograms of cocaine. (ECF No. 164.) Therefore, by sentencing, the parties agreed that based on the amount of drugs involved— at least 150 kilograms of cocaine—Mr. Carey's base offense level was 38. (Sentencing Tr. 9:25–2; *see also id.* 2:24–3:4, ECF No. 242.)

Amendment 782 lowered the base offense level for the same quantity of drugs—at least 150 kilograms of cocaine—to 36. The question, then, was whether a sentence reduction under § 3582(c)(2) is warranted. In *United States v. Rodriguez*, 921 F.3d 1149 (9th Cir. 2019), the Ninth Circuit explained:

> Section 3582(c)(2) sets forth a two-step inquiry for determining whether a defendant is entitled to sentence reduction. At the first step, the reviewing district court decides eligibility by determining whether a reduction is consistent with U.S. Sentencing Guidelines Manual § 1B1.10, the policy statement that implements § 3582(c)(2). Section 1B1.10 permits a reduction if, but only if, the amendment has the "effect of lowering the defendant's applicable [G]uideline[s] range." A court determines whether the retroactive amendment lowered the defendant's Guidelines range by calculating the "amended [G]uideline[s] range that would have been applicable to the defendant if the [relevant amendment] to the [G]uidelines . . . had been in effect at the time the defendant was sentenced." Only "the relevant amendment for the 'corresponding guideline provisions . . . applied when the defendant was sentenced'" may be considered in the first step of the analysis, and the court "must 'leave all other guideline application decisions unaffected.'"
>
> A district court is generally prohibited from reducing a sentence if the reduction would place the defendant's term of imprisonment below the lower end of the amended Guidelines range. The only exception is when the defendant's original term of imprisonment is below the Guidelines range

> because he or she received a reduction for substantially assisting authorities and the revised term is comparably below the amended Guidelines range.
>
> At the second step, the court must consider all applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, "the authorized reduction is warranted, either in whole or in part." But the court's consideration of the § 3553(a) factors may not "serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings."

*Id.* at 1153–54 (alterations in original) (citations omitted).

In completing the first step of this inquiry, Judge Hayes determined Amendment 782 *does* have the effect of lowering Mr. Carey's guideline range. (Order 4:5–7 ("Substituting the offense level 36 and applying the remaining guideline calculations, before departures or variances, produces an adjusted offense level of 37 and a range of 210 to 262 months.").) However, the lower guideline range does not mean Mr. Carey is entitled to a sentence reduction. Rather, as Judge Hayes explained, because a court is generally prohibited from reducing a sentence if the reduction would place the defendant's term of imprisonment below the lower end of the amended guideline range, the Court is "not authorized by § 3582(c)(2) to reduce Carey's sentence below the minimum of the guideline range, in this case, 210 months." (*Id.* 4:16–17.) Further, although there is an exception to this rule where a defendant's sentence was reduced for providing substantial assistance to the Government, that exception did not apply here because "[t]he record shows that the Court varied down for other reasons." (*Id.* 4:20–5:1.) *See also Rodriguez*, 921 F.3d at 1153.

Therefore, Mr. Carey's argument that Judge Hayes erred by not making a supplemental drug quantity finding to resolve the Amendment 782 argument misses the mark. Judge Hayes's analysis already determined Mr. Carey would be entitled to a lower base offense level. Mr. Carey's request for a sentence reduction was curtailed by the policy statement that implements § 3582(c)(2), not the threshold issue of whether "the amendment has the 'effect of lowering'" his applicable guideline range. *See Rodriguez*, 921 F.3d at 1153.

Accordingly, Mr. Carey does not show that Judge Hayes committed clear error or that one of the other grounds for reconsideration applies. The Court thus denies Mr. Carey's reconsideration motion.

### B. Motion for Documents

Mr. Carey's other pending motion seeks various miscellaneous relief. (Mot. to Compel, ECF No. 427.) Mr. Carey asks for copies of documents filed under seal. Because he is proceeding pro se, he lacks access to these items on the electronic filing system. (*Id.* 2:8–3:17.) Mr. Carey also requests a copy of the reply for his § 3582(c)(2) motion, which, as mentioned, he mistakenly believes was never filed. The Court will direct the Clerk of Court to mail copies of these items to Mr. Carey.

Mr. Carey also asks the Court to order the Bureau of Prisons at FCI Lompoc to only open his mail from the Court in his presence. "'Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.' Accordingly, the First Amendment does not prohibit opening such mail outside the recipient's presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (citation omitted) (quoting *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)). The Court thus denies this request.

The remainder of the motion lacks merit. Therefore, the Court will grant in part this motion and direct the Clerk of Court to mail the requested items to Mr. Carey.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Carey's motion for reconsideration (ECF No. 439). Further, the Court **GRANTS IN PART** Mr. Carey's motion for documents (ECF No. 427). The Clerk of Court shall mail Mr. Carey the following items from the docket:

- Mr. Carey's Memorandum of Points and Authorities in Support of His Motion for Bail Pending Appeal (ECF No. 394-1);
- The Government's Motion to Seal its Response in Opposition to Mr. Carey's Bail Motion (ECF No. 407);

- The Government's Response in Opposition to Mr. Carey's Bail Motion (ECF No. 408);
- Mr. Carey's Reply in Support of his Motion to Reduce Sentence (CM/ECF imprinted page numbers 3 through 114 of ECF No. 413); and
- Mr. Carey's Reply in Support of His Bail Motion (ECF No. 420).

**IT IS SO ORDERED.**

DATED: May 3, 2021

Hon. Cynthia Bashant
United States District Judge